## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| STEVEN K. TOPLETZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| JIM SKINNER, in his official capacity as | § | |
| Sheriff of Collin County, Texas, | § | |
| | § | |
| Respondent. | § | |

## STEVEN K. TOPLETZ'S PETITION FOR WRIT OF HABEAS CORPUS

**TABLE OF CONTENTS**

**INTRODUCTION** ................................................................................................................. 3

**PARTIES** ............................................................................................................................. 5

**JURISDICTION AND VENUE** ....................................................................................... 5

**CUSTODY** ......................................................................................................................... 5

**FACTUAL BACKGROUND** ............................................................................................ 7

    I.     The Trial Court Orders Topletz to Produce Documents in Post-Judgment Discovery ................................................................................................................ 7

    II.    The Trial Court Enters A Contempt Judgment .......................................................... 9

    III.   The Texas Appellate Courts Deny Topletz Habeas Relief ...................................... 11

**ARGUMENT AND AUTHORITIES** .............................................................................. 12

    I.     This Court Has Authority to Declare the Contempt Judgment Void. ................... 12

    II.    Topletz Was Denied a Constitutional Right to Due Process. ............................... 16

         A.    Topletz is unable to comply with the terms of the Contempt Judgment. ... 16

         B.    The trial court unreasonably concluded Topletz could acquire the Trust Documents. ............................................................................................. 19

**CONCLUSION AND PRAYER** ....................................................................................... 22

# TABLE OF AUTHORITIES

## Cases

*Bates v. Estelle*, 483 F. Supp. 224 (S.D. Tex. 1980) ........................................................6

*Briggs v. Arthur*, CIV.A.1:01 CV 397, 2003 WL 23539588 (E.D. Tex. Sept. 16, 2003) .......12, 15

*Chadwick v. Janecka*, 312 F.3d 597 (3d Cir. 2002) ........................................................14

*Compare Gore v. Callahan*, 3:15-CV-0272-K BH, 2015 WL 4162760 (N.D. Tex. July 7, 2015) ........................................................................................12

*English v. Bowles*, 3:03-CV-0876-K, 2003 WL 21955865 (N.D. Tex. Aug. 14, 2003) ...............12

*Ex parte Acker*, 949 S.W.2d 314 (Tex. 1997) ................................................................13

*Ex parte De Wees*, 146 Tex. 564 (1948) ......................................................................17

*Ex parte Gordon*, 584 S.W.2d 686 (Tex. 1979) ..............................................................13

*Ex parte Rohleder*, 424 S.W.2d 891 (Tex. 1967) ............................................................13

*Ex parte Rojo*, 925 S.W.2d 654 (Tex. 1996) .................................................................16

*Ex parte Thetford*, 369 S.W.2d 924 (Tex. 1963) .............................................................17

*Gore v. Callahan*, 3:15-CV-0272-K BH, 2015 WL 4162760 (N.D. Tex. July 7, 2015)...........7, 18

*Hayden v. Hale*, 216CV01984VEHJHE, 2017 WL 3574692 (N.D. Ala. Aug. 1, 2017) .............12

*Henderson v. Cockrell*, 333 F.3d 592 (5th Cir. 2003) ...........................................13, 14

*Hensley v. Municipal Court, San Jose Milpitas district, et al.*, 441 U.S. 345 (1973) ....................6

*Hicks on Behalf of Feiock v. Feiock*, 485 U.S. 624, 108 S. Ct. 1423 (1988) ...................12, 13, 16

*In re Bourg*, No.01–08–00618–CV, 2008 WL 3522241 (Tex.App.-Hous. [1st Dist.] 2008, no pet.)...........................................................................................................7

*In re Kuntz*, 124 S.W.3d 179 (Tex. 2003) ....................................................................18

*In re Office of Atty. Gen.*, 422 S.W.3d 623 (Tex. 2013)....................................................15

*Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 114 S. Ct. 2552, 129 L. Ed. 2d 642 (1994) .............................................................................................12, 19

*Jackson v. Johnson*, 194 F.3d 641 (5th Cir. 1999) ..........................................................14

*Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979) ............................................................19

*Johnson v. Kindred*, 285 S.W.3d 895 (Tex. App.—Dallas 2009, no pet.) ...................................22

*Moncrief v. United States*, 730 F.2d 276 (5th Cir. 1984) ............................................................22

*Orr v. Bowles*, 3:99-CV-2274-BF, 2002 WL 1033092 (N.D. Tex. May 20, 2002) ....................12

*Penfield Co. of Cal. v. Sec. & Exch. Comm'n*, 330 U.S. 585, 67 S. Ct. 918 (1947)....................16

*Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827 (1973). ........................................................15

*Rogers v. Tennessee*, 532 U.S. 451, 121 S. Ct. 1693 (2001)........................................................22

*Shillitani v. United States*, 384 U.S. 364, 86 S. Ct. 1531 (1966) ................................................16

*Taylor v. Mayo*, 110 U.S. 330, 4 S.Ct. 147 (1884)......................................................................22

*United States v. Rizzo*, 539 F.2d 458 (5th Cir. 1976) ............................................................16, 19

*United States v. Rylander*, 460 U.S. 752, 103 S. Ct. 1548 (1983) ..............................................21

*Woods v. U.S. Bank*, N.A., 2016 WL 890676 (E.D. Tex. Mar. 8, 2016) ....................................22

## Statutes

28 U.S.C. § 2241 ..............................................................................................................................6

28 U.S.C. § 2254 ..............................................................................................................6, 13, 19

## Other Authorities

Restatement (Second) of Agency § 14 (1958) ..............................................................................22

## Rules

Tex. R. Civ. P. 76 ............................................................................................................................9

Steven K. Topletz, Petitioner in the above-styled and numbered cause, files this Application for Writ of Habeas Corpus under 28 U.S.C. § 2254 and would show the following:

## <u>INTRODUCTION</u>

Petitioner Steven K. Topletz ("Topletz") is not a criminal. He has not been charged with a crime, indicted by a grand jury, judged by a jury of his peers, or found guilty beyond a reasonable doubt. Rather, Topletz is a civil litigant in a Texas state court proceeding that furnished a final judgment nearly four years ago. His sole offense is failing to produce documents in post-judgment discovery. But as the parties, the trial court, and Texas appellate courts all agree, **he does not *actually* possess those documents**. For his offense, Topletz was arrested and committed to the Collin County Detention Facility. He was temporarily released pending appellate review, but the Collin County trial court recently signed a Capias commanding all Texas law enforcement officials to find Topletz, arrest him, and remand him to the custody of the Collin County Detention Facility.

Topletz's troubles began in mid-2018 when the 416th Judicial District Court of Collin County ordered Topletz—a beneficiary of a trust—to produce certain documents related to the trust during post-judgment discovery. Pursuant to that order, Topletz produced all documents in his possession and asked the trustee for the trust to provide additional documents related to the trust's financial activities. The trustee denied his request. Topletz produced his correspondence with the trustee to opposing counsel and explained he could not obtain trust financial documents. Dissatisfied, the judgment creditor moved for contempt and sanctions against Topletz, arguing Topletz was entitled to obtain trust financial documents from the trustee pursuant to the trust formation document, which provides Topletz "access to [the trust's] books, records and accounts at all reasonable times during regular business hours." At the contempt hearing, Topletz again testified that he did not possess the trust financial documents and could not obtain them from the trustee. Based on no other evidence, the trial court held him in contempt and committed him to jail

for a fourteen-day period.[1] The Dallas Fifth Court of Appeals subsequently denied Topletz's petition for habeas corpus, holding that Topletz had "constructive possession" of the documents because the trustee was his agent. After the Supreme Court of Texas summarily denied Topletz's petition without an opinion, the trial court entered a capias for Topletz's arrest, which remains outstanding.

Deprived of due process, Topletz now asks this court to dissolve the capias and invalidate the trial court's contempt judgment and commitment order through a writ of habeas corpus. The Supreme Court has long held that a civil contempt order is void if the contemnor is unable to comply with the terms of the order to secure his release. By its own terms, Topletz is unable to comply with the contempt judgment here. As the trial court and appellate courts acknowledge, Topletz does not possess the documents required to secure his release. Instead, the contempt judgment requires affirmative acts of a third party, the trustee, to purge Topletz of contempt. If the trustee does not provide Topletz with certain trust financial documents, Topletz faces perpetual contempt and imprisonment. Additionally, the evidence before the trial court was far from sufficient to support a finding of contempt. While the trust formation document provides Topletz with *access* to specific trust-related documents, it did not allow him to *produce* the *specific* documents delineated in the contempt judgment. In fact, overwhelming evidence shows that some of the documents specified in the contempt judgment where never even requested by the plaintiff, much less ordered produced by the trial court. As a result, Topletz was held in contempt for failing to produce documents that were never requested, that he does not possess, and that he cannot obtain. For these reasons and others, the Court should grant Topletz's Petition and issue a writ of habeas corpus.

---

[1] Topletz was released the next day pending an appellate review of the contempt judgment.

Petitioner Topletz is an individual in custody pursuant to a civil contempt order issued by the 416th Judicial District Court of Collin County, Texas.

Respondent Jim Skinner ("Skinner") is being sued in his official capacity as the Sheriff of Collin County. Skinner is currently holding Topletz pursuant to a contempt judgment, commitment order, and capias made in violation of the United States Constitution. Skinner may be served with process at the Collin County Sheriff's Office, 4300 Community Ave., McKinney, Texas 75071 or wherever he may be found.

## JURISDICTION AND VENUE

This Court has jurisdiction over this action under 28 U.S.C. § 2241 and 28 U.S.C. § 2254 because Topletz is in custody in violation of the United States Constitution and because this petition involves an unconstitutional imprisonment pursuant to a state court judgment.

Venue is proper in the Eastern District of Texas, Sherman Division under 28 U.S.C. § 2241 and 28 U.S.C. § 2254 because Topletz is in custody in this district and because the events underlying this petition occurred in this district.

Topletz presented a state court habeas petition to the Supreme Court of Texas, which it summarily denied on October 11, 2019. *In re Topletz*, 05-19-00327-CV, 2019 WL 4302254 (Tex. App.—Dallas Sept. 11, 2019, orig. proceeding), *habeas corpus denied, In re Topletz*, 19-0894 (Tex. Oct. 11, 2019). Topletz has thereby exhausted his state court remedies under 28 U.S.C. § 2254(b)(1). *United States v. Meeks*, 720 F.2d 1412-13 (5th Cir. 1983).

## CUSTODY

On March 18, 2019 the 416th Judicial District Court of Collin County, Texas entered a contempt judgment against Topletz ordering him confined in the Collin County jail for a period

not to exceed six months (the "Contempt Judgment").[2] The trial court further entered a commitment order confining Topletz in the Collin County Detention Facility for a period of fourteen days, beginning March 18, 2019 at 12:00 p.m. and ending April 1, 2019 at 12:00 p.m. (the "Commitment Order").[3] Topletz was immediately arrested and booked in the Collin County Detention Facility following a contempt hearing held the same day. Both the Contempt Judgment and Commitment Order allow Topletz to purge himself of contempt and thus be released from custody by producing six categories of documents. As explained herein, Topletz is unable to produce those documents to purge himself of contempt because he does not possess the documents and cannot obtain them from third parties.

Topletz filed a Petition for Writ of Habeas Corpus with the Dallas Fifth Court of Appeals within hours of his confinement.[4] The following day, on March 19, 2019, the Fifth Court entered a temporary order releasing Topletz from the Collin County Detention Facility on a $500 bond pending its ruling on Topletz's habeas petition.[5] On September 11, 2019, the Fifth Court entered an order denying Topletz's petition and vacating its March 19, 2019 Order.[6] The trial court subsequently issued a Capias commanding law enforcement to arrest Topletz pursuant to the Commitment Order and Contempt Judgment.[7] The Capias remains outstanding.

Accordingly, because Topletz faces state imprisonment under the outstanding Capias, Topletz's liberty is retrained such that the "in custody" requirements are satisfied under 28 U.S.C. § 2241 and 28 U.S.C. § 2254. *See Bates v. Estelle*, 483 F. Supp. 224 (S.D. Tex. 1980) (holding

---

[2] Ex. A at 5.
[3] Ex. B.
[4] Ex. C.
[5] Ex. D.
[6] Ex. E.
[7] Ex. F.

outstanding capias sufficient to satisfy "in custody" requirement of federal habeas corpus jurisdiction). The outstanding Capias places restraints on Topletz not available to the general public; his incarceration is definitive and not speculative; and holding otherwise would simply postpone his right to habeas relief until he is in jail. *See Hensley v. Municipal Court, San Jose Milpitas district, et al.*, 441 U.S. 345 (1973) (outlining factors for "in custody" requirement). Moreover, the Capias does not allow Topletz to purge the contempt before his arrest—an act he nonetheless cannot perform.[8]

## FACTUAL BACKGROUND

This Petition arises out of post-judgment discovery proceedings in a case pending in the 416th Judicial District Court of Collin County, Texas, Cause No. 416-04120-2012.

**I.      The Trial Court Orders Topletz to Produce Documents in Post-Judgment Discovery.**

In 2016, the plaintiff in the underlying state court lawsuit served post-judgment discovery requests on Topletz seeking information related to his assets and liabilities.[9] Nearly two years later,[10] the plaintiff moved to compel, among other things, tax returns, formation documents for the Steven K. Topletz 2011 Family Trust (the "Trust"), and other financial documents relating to the Trust's activities that had not been produced by Topletz, a beneficiary to the Trust.[11] In response, Topletz explained he could not produce documents related to the Trust because he was

---

[8] The Northern District of Texas once held an outstanding Capias as insufficient to meet the "in custody" requirement. *See Gore v. Callahan*, 3:15-CV-0272-K BH, 2015 WL 4162760, at *2 (N.D. Tex. July 7, 2015). There, however, the Court noted that Texas courts "recognize that the 'issuance of a capias is a sufficient restraint of liberty to justify habeas corpus relief.'" *Id.* (quoting *In re Bourg*, No.01–08–00618–CV, 2008 WL 3522241, at *2 (Tex.App.-Hous. [1st Dist.] 2008, no pet.). Unlike this case, *Gore* was distinguishable from the Texas rule because the contemnor there had not yet been held in custody and the outstanding capias merely required a Sheriff to bring him before the trial court. *Id.* The Capias here orders Topletz to be brought directly to jail.

[9] Ex. G at 16-20.

[10] The delay was due, in part, because the plaintiff passed away. The independent administrator for the estate of the plaintiff subsequently entered an appearance in the case.

[11] Ex. H at 5-6.

bound by a confidentiality agreement with the other beneficiaries preventing him from disclosing Trust documents.[12]

On June 25, 2018, the trial court held a hearing on the plaintiff's motion to compel.[13] At the hearing, counsel for the plaintiff limited his motion to seven requests for production.[14] The parties and the trial court engaged in an on-the-record discussion about whether Topletz's counsel had promised to produce certain Trust-related documents in an email dated April 18, 2017.[15]

On June 27, 2018, the trial court entered an order compelling Topletz to produce the Trust formation document *in camera* (the "June Order").[16] The court further ordered Topletz to produce documents responsive to the seven requests for production identified by the plaintiff at the hearing, along with the Trust formation document, should the court determine the Trust formation document was relevant following its *in camera* review.[17] Interlineated at the bottom of the order, below the judge's signature, the court also ordered Topletz to "produce the trust documents and the tax returns as requested."[18]

Topletz then sent a letter to the trustee for the Trust (the "Trustee") attaching the June Order and demanding the Trustee provide Topletz with any Trust documents responsive to the categories of documents identified in the trial court's order.[19] The Trustee denied Topletz's request. In a letter from the Trustee's counsel, the Trustee stated the Trust only allowed Topletz to inspect, but not copy, Trust documents during business hours.[20] The Trustee further claimed his fiduciary duties

---

[12] Ex. I at 5-6.
[13] Ex. J.
[14] *Id.* at 4.
[15] *Id.* at 7-11.
[16] Ex. K.
[17] *Id.* at 1.
[18] *Id.* at 2.
[19] Ex. L.
[20] Ex. M.

owed to other beneficiaries of the Trust prevented him from providing Topletz with copies of Trust documents.[21]

On July 13, 2018, Topletz produced his personal tax returns, the Trust formation document, and other Trust-related documents. Topletz also produced the Trustee's correspondence to the plaintiff's counsel. Topletz then certified that he had produced all documents responsive to the June Order in his possession, custody, or control.[22] Topletz did not, however, produce the Trust's tax returns or other financial information related to the Trust's operations (the "Trust Documents"). The plaintiff never served third-party discovery on the Trust or requested Trust Documents from the Trustee.

## II.   The Trial Court Enters A Contempt Judgment.

Unsatisfied with Topletz's production and unwilling to pursue third-party discovery, the plaintiff moved for sanctions and contempt.[23] In its motion, the plaintiff argued Topletz had not complied with the June Order because the Trust formation document allowed Topletz access to Trust Documents, allowing Topletz to acquire those documents from the Trustee.[24]

The trial court held a hearing on the plaintiff's motion for contempt and sanctions on March 18, 2019.[25] At the hearing, Topletz testified he is a beneficiary of the Trust, he requested the Trust's tax returns and Trust Documents from the Trustee, his request was denied, and he otherwise produced all documents in his possession, custody, or control responsive to the plaintiff's seven outstanding requests for production.[26] The plaintiff offered only the Trust formation document, the

---

[21] *Id.*
[22] Ex. N.
[23] Ex. O.
[24] *Id.* at 2-4.
[25] Ex. P.
[26] *Id.* at 42-49.

June Order, the parties' protective order,[27] the April 18, 2017 email from Topletz's prior counsel, and an attorneys' fee summary as evidence.[28]

At the conclusion of the hearing, the trial court found Topletz in contempt and sentenced him to fourteen days in the Collin County Detention Facility, or until he purged himself of contempt.[29] Following the hearing, the trial court signed the Contempt Judgment, holding Topletz had failed to produce documents he had a right to obtain pursuant to paragraph 4.12 of the Trust, which states, in part:

> Each beneficiary who has attained the age of twenty-five years shall have free access to those books, records, and accounts at all reasonable times during regular business hours. If such beneficiary requests, a profit and loss statement, fully disclosing the fiscal operations of the trust for the preceding year, and a balance sheet, which accurately reflects the financial status of the trust at the expiration of the preceding year, shall be furnished to such beneficiary within ninety days of the end of the fiscal year. . . .[30]

In the Contempt Judgment, the trial court found Topletz had not produced Trust Documents responsive to five requests for production as required by the June Order.[31] The trial court further held Topletz in contempt for not producing the Trust's tax returns as "agreed to be produced by opposing counsel."[32] Topletz was taken into custody of the Collin County Sheriff immediately after the hearing under a Commitment Order signed by the trial court.[33]

---

[27] The trial court admitted the Trust formation document under seal after Topletz objected pursuant to the parties' protective order. *See* Tex. R. Civ. P. 76(a). Topletz has since moved the trial court for an order permanently sealing the Trust formation document. That motion is still pending.
[28] *Id*. at 6-16 and Exs. 1-6.
[29] *Id*. at 69-70.
[30] Ex. A at 3.
[31] *Id*. at 4.
[32] *Id*.
[33] Ex. B.

### III. The Texas Appellate Courts Deny Topletz Habeas Relief.

Hours after the trial court entered the Contempt Judgment, Topletz filed a petition for writ of habeas corpus with the Dallas Fifth Court of Appeals.[34] In his petition, Topletz argued that the Contempt Judgment was void, as he was unable to purge contempt by producing the Trust Documents.[35] According to Topletz, the Trust Documents belong to the Trustee, who denied Topletz a copy of the documents when asked.[36] On September 11, 2019, the Fifth Court of Appeals issued an order and opinion denying Topletz's petition.[37] In its opinion, the Fifth Court held that Topletz could obtain the Trust Documents from the Trustee under an agency relationship, thus giving Topletz "constructive possession" of the Trust Documents—a theory that was never argued or advanced by either party.[38]

Topletz then moved the Fifth Court to rehear his petition[39] and filed a second petition for writ of habeas corpus with the Supreme Court of Texas.[40] In his motion for rehearing and Texas Supreme Court petition, Topletz argued that for the purpose of *contempt*, the only relevant inquiry is whether he himself possesses the Trust Documents.[41] If Topletz has only "constructive possession" of the Trust Documents, then he must rely on a third party, the Trustee, to provide him the documents to secure his release.[42] On October 11, 2019 the Fifth Court summarily denied

---

[34] Ex. C.
[35] *Id.* at 13-14.
[36] *Id.*
[37] Ex. Q.
[38] *Id.* at 6-7.
[39] Ex. R.
[40] Ex. S.
[41] Ex. R at 11-13; Ex. S at 9-11.
[42] *Id.*

Topletz's motion for rehearing,[43] and the Supreme Court of Texas summarily denied Topletz's petition for writ of habeas corpus.[44] Both decisions were made without opinion or explanation.

On September 12, 2019, the trial court issued a capias for Topletz's arrest,[45] which was subsequently amended on October 8, 2019.[46] The Capias remains active.

## ARGUMENT AND AUTHORITIES

### I.      This Court Has Authority to Declare the Contempt Judgment Void.

Courts uniformly agree that a federal petition for writ of habeas corpus provides a civil litigant a federal forum to object to a state court's contempt order made in violation of the Constitution or United States law. *See English v. Bowles*, 3:03-CV-0876-K, 2003 WL 21955865, at *1 (N.D. Tex. Aug. 14, 2003) ("A person incarcerated for civil contempt is 'in custody' for purposes of invoking habeas jurisdiction."). But courts are split on whether § 2241 or § 2254 is the correct statutory vehicle to challenge a state court's contempt order. *See Hayden v. Hale*, 216CV01984VEHJHE, 2017 WL 3574692, at *3 (N.D. Ala. Aug. 1, 2017) (observing split in authority). Even in this Circuit, courts appear to apply different standards. *Compare Gore v. Callahan*, 3:15-CV-0272-K BH, 2015 WL 4162760, at *1 (N.D. Tex. July 7, 2015) (holding § 2241 is appropriate, but § 2254 is not), *with Orr v. Bowles*, 3:99-CV-2274-BF, 2002 WL 1033092, at *3 (N.D. Tex. May 20, 2002) (applying § 2254).[47]

The courts are in agreement, however, that the constitutional considerations differ if the contempt order is civil versus criminal. Civil contempt is remedial in nature whereas criminal

---

[43] Ex. T.
[44] Ex. U.
[45] Ex. V.
[46] Ex. F.
[47] The sole habeas case from this District that has analyzed a civil contempt order looked to § 2254, though it does not appear that the Petitioner in that case brought an action under § 2241. *Briggs v. Arthur*, CIV.A.1:01 CV 397, 2003 WL 23539588, at *1 (E.D. Tex. Sept. 16, 2003), report and recommendation adopted, CIV.A.1:01 CV 397, 2003 WL 23539589 (E.D. Tex. Oct. 28, 2003).

contempt is punitive. *Hicks on Behalf of Feiock v. Feiock*, 485 U.S. 624, 638, 108 S. Ct. 1423, 1433 (1988). While this distinction is itself obscure,[48] the due process analysis is often dependent on its application. A criminal contemnor, for example, is entitled to the full gamut of constitutional safeguards as a criminal defendant: the right to adequate counsel, a trial by jury, and proof beyond a reasonable doubt. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827, 114 S. Ct. 2552, 2557, 129 L. Ed. 2d 642 (1994) (listing protections). Likewise, a judgment of civil contempt is constitutionally deficient if the contemnor is unable to purge contempt by complying with the terms of the judgment. *Hicks*, 485 U.S. at 638 (observing due process protections entitled to criminal and civil contemnors).

The habeas analysis is further complicated by the statutory guardrails of § 2254(d), which narrows the standard of review for a federal habeas claim when "adjudicated on the merits in State court proceedings" (the "AEDPA standards"). 28 U.S.C. § 2254(d). Under the AEDPA standards, if the state courts previously addressed the constitutional issues raised by the habeas petition, then the federal court cannot grant a writ unless the state courts' adjudication was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of evidence presented in the state court. 28 U.S.C. § 2254(d) (1-2). If the AEDPA standards do not apply, and the habeas application is nonetheless procedurally ripe, the federal court should apply a *de novo* standard of review. *Henderson v. Cockrell*, 333 F.3d 592, 598 (5th Cir. 2003).

Where and how the AEDPA standards apply to a contempt order is imprecise. In Texas, a contempt order subjecting a civil litigant to confinement is reviewable only by a petition for writ

---

[48] *Bagwell*, 512 U.S. at 827 ("Although the procedural contours of the two forms of contempt are well established, the distinguishing characteristics of civil versus criminal contempts are somewhat less clear.").

of habeas corpus to a Texas appellate court. *Ex parte Acker*, 949 S.W.2d 314, 316 (Tex. 1997). A habeas petition to a Texas appellate court, however, does not serve as a direct appeal of the finding of contempt, but rather, as a collateral attack on the judgment itself.[49] *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex. 1967). The Texas appellate courts are therefore tasked only to determine whether the underlying contempt judgment is void. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979). But if a habeas proceeding in a Texas appellate court is only collateral attack on the underlying judgment of contempt, when does a Texas appellate court adjudicate the necessary constitutional considerations "on the merits" such that the AEDPA standards apply?

The answer is unclear. The Fifth Circuit has previously held the AEDPA standards apply "when the state's highest court rejects a claim without giving any indication of how or why it reached that decision." *Henderson*, 333 F.3d at 598. But the Fifth Circuit has also held that "[w]hen faced with a silent or ambiguous state habeas decision, the federal court should 'look through' to the last clear state decision on the matter." *Jackson v. Johnson*, 194 F.3d 641, 651 (5th Cir. 1999) (analyzing AEDPA standards). Complicating the issue even further, some courts have held that AEDPA standards do not apply when the state courts misconstrue or misunderstood that nature of a properly exhausted claim. *See Chadwick v. Janecka*, 312 F.3d 597, 606 (3d Cir. 2002) (observing a state court's misconstruction of constitutional issue prevents application of AEDPA standards); *see also*, *Henderson*, 333 F.3d at 598 (citing observation in *Chadwick*).

At first glance, this Petition appears at the intersection of each these indefinite protocols. For one, courts in this Circuit appear divided on whether § 2241 or § 2254 is the appropriate statutory vehicle for a habeas review of a civil contempt order. And if § 2254 is appropriate, the Texas appellate courts' review of Topletz's state habeas petitions are at least ambiguous on the

---

[49] Unlike a criminal case, in which a criminal defendant is entitled to a direct appeal.

relevant constitutional considerations. To be sure, Topletz raised the same issue addressed here in the Texas appellate courts proceedings—primarily, that he is unable to comply with the terms of the Contempt Judgment. But, both the Texas Supreme Court and the Dallas Fifth Court of Appeals on motion for rehearing denied Topletz's petitions without opinion or explanation. And "looking through" those decisions to the Fifth Court's initial denial of Topletz's habeas petition, the Fifth Court—at least arguably—misunderstood Topletz's constitutional arguments by applying a mandamus standard rather than habeas standard.[50]

But a deeper review of these issues and the Texas courts' decisions renders these concerns less problematic. Because the Contempt Judgment here is civil, the relevant due process issue that must be determined in this habeas petition is whether the Contempt Judgment is void. *See Briggs*, 2003 WL23539588 at *3 ("[T]he court must order release when the contemnor shows that the order for confinement has become void."). If § 2241 applies, Topletz asks the Court to perform a *de novo* determination of whether the Contempt Order is void—the same determination Topletz asked the Texas appellate courts to make under Texas law. *See In re Office of Atty. Gen.*, 422 S.W.3d 623, 628 (Tex. 2013) ("A contempt order is void if it is beyond the power of the court or violates due process."). But importantly, the United States Supreme Court has enacted the same standard of review as Texas courts to determine whether a contempt order is void. Meaning, if § 2254 applies, the constitutional defects in the Contempt Judgment survive the AEDPA standards, since the Contempt Judgment both violates clearly established law as declared by the Supreme Court of the United States and because it is based on an unreasonable determination of the facts in light of the evidence presented in the trial court. As a result, federal courts in Texas analyzing civil

---

[50] Ex. Q at 9 (applying an "abuse of discretion" standard).

contempt orders often apply *Texas* habeas law in its review of a *federal* petition. *See, e.g.*, *Briggs v. Arthur*, 2003 WL 23539588, at *4 (observing Texas cases).

## II.  Topletz Was Denied a Constitutional Right to Due Process.

A writ of habeas corpus is appropriate where a petitioner has been denied a constitutional right to due process in a state court proceeding. *Preiser v. Rodriguez*, 411 U.S. 475, 486, 93 S. Ct. 1827, 1834 (1973). For the reasons explained below, the trial court here denied Topletz due process by entering a void contempt judgment and finding him guilty of contempt without sufficient evidence. A writ must issue.

### A.  Topletz is unable to comply with the terms of the Contempt Judgment.

The trial court's Contempt Judgment violates Topletz's right to due process because Topletz is unable to purge himself of contempt to secure his release. The fundamental characteristic of a civil contempt order is the conditional nature of the order. "A conditional penalty . . . is civil because it is specifically designed to compel the doing of some act." *Hicks*, 485 U.S. 624 at 633. Civil contempt is thus designed to impose a penalty to a litigant who fails to abide by a court order, until he *does* abide by the order. Since the contemnor can abide by the order to purge contempt, he "has it in his power to avoid [the] penalty." *Penfield Co. of Cal. v. Sec. & Exch. Comm'n*, 330 U.S. 585, 590, 67 S. Ct. 918, 921 (1947). Under the oft-stated phrase, a contemnor carries "the keys of [his] prison in [his] own pockets." *Id.*; *Hicks*, 485 U.S. 624 at 633; *Ex parte Rojo*, 925 S.W.2d 654, 655 (Tex. 1996).

Due process thus limits civil contempt to situations in which a contemnor is able, but refuses, to comply with an underlying court order. As the Supreme Court holds, "punishment may not be imposed in a civil contempt proceeding when it is clearly established that the alleged contemnor is unable to comply with the terms of the order." *Hicks*, 485 U.S. 624 at fn. 9. If the contemnor is unable to comply with the court's order, the contempt order is void. For example, the

Supreme Court has held that a contempt judgment issued due to a witness's failure to testify in a grand jury proceeding becomes void once the grand jury proceedings terminate. *See Shillitani v. United States*, 384 U.S. 364, 371, 86 S. Ct. 1531, 1536 (1966) ("Where the grand jury has been finally discharged, a contumacious witness can no longer be confined since he then has no further opportunity to purge himself of contempt."). The Fifth Circuit has similarly held civil contempt improper if a taxpayer is unable to produce documents in response to an I.R.S. subpoena. *United States v. Rizzo*, 539 F.2d 458, 466 (5th Cir. 1976).

By its own terms, the Contempt Judgment here is void because Topletz is unable to purge himself of contempt. The trial court held Topletz in contempt for failing to produce the Trust Documents and allowed him to purge contempt by producing the Trust Documents.[51] But the trial court stopped short of finding Topletz in actual possession of the documents. As explained by the trial court, the Trust Documents "are subject to . . . Topletz's *control* and could have been *obtained* by [Topletz] pursuant to the Trust agreement."[52] The Fifth Court held similarly, explaining that Topletz had only "access" and a "right to obtain" the Trust Documents.[53] Topletz, the plaintiff, the trial court, and the appellate courts all agree: the Trust Documents are in the actual possession of a third-party, the Trustee, who has explicitly denied Topletz the "access" he requires to obtain the documents.

By holding Topletz has only "control" or "constructive possession" of the Trust Documents, the Texas courts have placed the keys to Topletz's imprisonment in the pockets of the Trustee. *Hicks*, 485 U.S. 624 at 633 (contemnors carry "the keys of their prison in their *own* pockets" (emphasis added)). As a result, the Contempt Judgment is no longer coercive, and due

---

[51] Ex. A at 4-5.
[52] *Id*. at 3-4. (emphasis added).
[53] Ex. Q at 7-8.

process requires its removal. To purge contempt and release himself from confinement, Topletz must rely on the Trustee to deliver the Trust Documents, an act he has thus far been either unwilling or unable to provide. In the words of the Texas Supreme Court, "[i]t may be that if [Topletz] were held hostage for . . . long enough [the Trustee] would relent." *Ex parte Thetford*, 369 S.W.2d 924, 926 (Tex. 1963). But in a habeas proceeding, the "concern is not what will certainly happen if relief is denied, but what *could* happen." *Ex parte De Wees*, 146 Tex. 564, 568 (1948) (emphasis added). Here, if the Trustee does not provide Topletz the Trust Documents, Topletz *could* face perpetual contempt and a lifetime in prison.

The Texas courts' determination that Texas law obligated Topletz to produce the Trust Documents notwithstanding,[54] other methods of obtaining the Trust Documents remain available without running afoul of due process. For example, the trial court could have allowed Topletz to purge himself of contempt by *requesting* the Trust Documents from the Trustee. Or, the trial court could have rejected the charge of contempt and ordered the plaintiff to procure the Trust Documents from the Trustee using third-party discovery. Under either option, the power to produce the Trust Documents lays not in the innocent hands of Topletz but in the rightful hands of the Trustee.

Due process requires a civil contempt order to condition a contemnor's release upon an act the contemnor alone can perform. As the trial court and Texas appellate courts concluded, the Contempt Judgment and Commitment Order here requires Topletz to obtain the Trust Documents from a third-party. For this reason, the Contempt Judgment is void.

---

[54] Topletz concedes that his Petition does not allow him to relitigate issues of state law. *See Gore*, 2015 WL 4162760, at *5 ("It is not the function of a federal habeas court to review a state's interpretation of its own law"). But notably, the Fifth Court's conclusion that Topletz had "constructive possession" of the Trust Documents appears to contradict clear Texas law. The Texas Supreme Court has explicitly held that "access" to documents does not equate to "possession" of documents under the Texas Rules of Civil Procedure. *In re Kuntz*, 124 S.W.3d 179, 184 (Tex. 2003).

### B. The trial court unreasonably concluded Topletz could acquire the Trust Documents.

But even if a contempt order can require the contemnor to acquire documents from a third party, the contempt proceedings here did not support the trial court's finding that Topletz could obtain the Trust Documents from the Trustee. Under federal habeas law, due process precludes a state court from entering a judgment imprisoning a defendant on insufficient evidence. *Jackson v. Virginia*, 443 U.S. 307, 323, 99 S. Ct. 2781 (1979). If no rational trier of fact can conclude the defendant guilty of the offense, the writ may issue. *Id.*[55] If AEDPA standards apply, then the federal court should not overturn the state court's sufficiency analysis unless the decision was objectively unreasonable. 28 U.S.C. § 2254 (d)(2).

The evidence presented to the trial court was undoubtedly insufficient to support its finding of contempt. The *only* evidence before the trial court showed that Topletz attempted to obtain the Trust Documents from Trustee but was denied.[56] Despite this evidence, the trial court relied on paragraph 4.12 of the Trust, which allows Topletz only "access" to the documents during "business hours."[57] No rational trier of fact could find Topletz in contempt for trying—and failing—to obtain the Trust Documents pursuant to paragraph 4.12. But Topletz was not afforded a rational arbiter. For example, at the contempt hearing, the trial court stated on the record that Topletz's ability to obtain the documents was "irrelevant."[58] As explained by the court, "if [Topletz's] argument to me is he can't go to jail today because he can't get the documents, frankly, that is not a persuasive

---

[55] In a criminal proceeding, this standard requires the trier of fact to find the defendant guilty beyond a reasonable doubt. *Jackson*, 443 U.S. at 323. The standard of proof in a civil contempt proceeding is less clear, though the Fifth Circuit has held that a finding of civil contempt requires a finding of guilt by clear and convincing evidence. *United States v. Rizzo*, 539 F.2d 458, 465 (5th Cir. 1976). The trial court here did not find Topletz guilty beyond a reasonable doubt nor by clear and convincing evidence.

[56] Ex. M.

[57] The business hours restriction alone shows Topletz cannot, by virtue of paragraph 4.12, obtain the Trust Documents for production in litigation.

[58] Ex. P at 64.

argument . . ."[59] The trial court's analysis cannot be considered rational, much less sufficient, where it rejects as *irrelevant* the single most important consideration for the purposes of civil contempt—Topletz's ability to obtain the Trust Documents.[60]

Additionally, even if paragraph 4.12 allows Topletz a possessory right to *some* Trust Documents, it does not provide him a right to the *specific* documents he must produce under the Contempt Judgment. Paragraph 4.12 only allows Topletz access to the Trust's "books, records, and accounts."[61] The Contempt Judgment, however, requires Topletz to produce specific documents like stock certificates, leases, and contracts belonging to the Trust.[62] Not one scintilla of evidence adduced in the trial court shows that Topletz possessed or otherwise could obtain these specific documents under paragraph 4.12.

The trial court also mistakenly relied on an April 18, 2017 email from Topletz's prior counsel as evidence that Topletz could produce the Trust's tax returns.[63] The Trust's tax returns are *not* mentioned in paragraph 4.12 and the April 18, 2017 email cannot reasonably support a finding that Topletz held a possessory right to the Trust's tax returns. In the email, Topletz's counsel stated that Topletz would produce "tax returns," but did not distinguish between the Trust's tax returns and Topletz's personal tax returns.[64] Based on the email and surrounding circumstances, the only rational conclusion is that Topletz agreed to produce his personal tax returns, as the Trust's tax returns were never requested in post-judgment discovery and were not the subject of the plaintiff's

---

[59] *Id.* at 64-65.
[60] Perhaps, then, the trial court intended to punish Topletz. While that would undoubtedly be an appropriate use of the court's contempt power, it would also require that Topletz be afforded certain constitutional protections that were lacking here. *See Bagwell*, 512 U.S. at 827 (criminal contemnor afforded right to trial by jury and conviction of guilt beyond a reasonable doubt).
[61] Ex. A at 3.
[62] *Id.* at 5.
[63] Topletz has maintained all along that the June Order, which the Contempt Order accuses him of violating, does not require production of the Trust's tax returns.
[64] Ex. P. at Ex. 2.

motion to compel. Topletz's personal tax returns, on the other hand, were requested in post-judgment discovery,[65] were subject to a motion to compel,[66] and were produced by Topletz subsequent to the April 18, 2017 email.[67]

Finally, the trial court's factual findings were insufficient because the court found Topletz "could have" obtained the Trust Documents, ignoring evidence of Topletz's *present inability* to produce the Trust Documents. By using the past tense, the trial court explicitly held Topletz in contempt for his *past* failure to produce the Trust Documents. The Supreme Court, however, has held that an alleged contemnor's *present* inability to produce documents is sufficient to defeat a contempt charge of a *past* failure to produce. *United States v. Rylander*, 460 U.S. 752, 757, 103 S. Ct. 1548, 1553 (1983). And here, the trial court refused to even entertain Topletz's present inability to produce the Trust Documents, rejecting it as "not a persuasive argument."[68] The trial court therefore failed to consider evidence the Supreme Court has deemed critical to Topletz's defense.

For its part, the Fifth Court's analysis of the evidence adduced at the trial court was, by any fair measure, objectively unreasonable. On its review of the evidentiary findings of the trial court, the Fifth Court stated that the trial court was free to disregard Topletz's testimony as "not credible."[69] But if Topletz's testimony is ignored, then the record before the trial court is devoid of any evidence—other than paragraph 4.12 and the April 18, 2017 email—showing Topletz's ability to obtain the documents. And more importantly, the Fifth Court did not address whether paragraph 4.12 entitled Topletz to obtain the *specific* Trust Documents required by the Contempt Judgment.[70]

---

[65] Ex. G. at 16.
[66] Ex. H at 4-5.
[67] Ex. P at 47-48.
[68] *Id*. at 64.
[69] Ex. Q at 8.
[70] The April 18, 2017 email is also hardly evidence of Topletz's possession of the Trust's tax returns.

Instead, the Fifth Court stated that Topletz could obtain the Trust Documents from the Trustee, "who is [Topletz's] agent."[71] In doing so, the Fifth Court overturned its own prior decisions and centuries of black letter trust law from Texas courts, federal district courts, the Fifth Circuit, and the United States Supreme Court. *See Johnson v. Kindred*, 285 S.W.3d 895, 901 (Tex. App.— Dallas 2009, no pet.) (holding trustee was not agent of beneficiary); *Taylor v. Mayo*, 110 U.S. 330, 334, 4 S.Ct. 147 (1884) ("A trustee is not an agent."); *Moncrief v. United States*, 730 F.2d 276, 285 (5th Cir. 1984) (explaining distinction between trustees and agents); *Woods v. U.S. Bank*, *N.A.*, 2016 WL 890676, at *1 (E.D. Tex. Mar. 8, 2016) (collecting cases); *see also*, Restatement (Second) of Agency § 14B (1958) (explaining distinction between trustees and agents). Such a holding is inconsistent with due process. *See Rogers v. Tennessee*, 532 U.S. 451, 456, 121 S. Ct. 1693, 1697 (2001) ("[L]imitations on ex post facto judicial decision making are inherent in the notion of due process.").

## CONCLUSION AND PRAYER

Petitioner Steven K. Topletz has been denied a constitutional right to due process by being confined for failing to produce documents he does not possess and cannot obtain. Accordingly, Topletz respectfully prays the Court issue a writ of habeas corpus:

a)      dissolving the outstanding Capias against him; and

b)      declaring void the trial court's Commitment Order and Contempt Judgment.

Topletz further requests all other and additional relief to which he may show himself justly entitled.

---

[71] *Id*. at 7.

Dated: November 12, 2019

Respectfully submitted,

**HARPER BATES & CHAMPION LLP**

*/s/ Austin Champion*
Austin Champion
Texas Bar No. 24065030
Austin.Champion@harperbates.com
----
W. Ben Jones
Texas Bar. No. 24097903
Ben.Jones@harperbates.com

1717 Main Street, Suite 3550
Dallas, Texas 75201
214-238-8400 | Main
214-238-8401 | Fax

**COUNSEL FOR PETITIONER**
**STEVEN K. TOPLETZ**