# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| STEVEN K. TOPLETZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-00820 |
| | § | |
| JIM SKINNER, in his official capacity as | § | |
| Sheriff of Collin County, Texas, | § | |
| | § | |
| Respondent. | § | |

## PETITIONER'S SUPPLEMENTAL BRIEF IN SUPPORT OF HIS MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Pursuant to the Court's instructions at the November 25, 2019 hearing on Petitioner Steven K. Topletz's ("Topletz") Motion for Temporary Restraining Order,[1] Topletz files the following supplemental brief and authorities in support of his Motion.

## INTRODUCTION

At the hearing on Topletz's Motion, the Court expressed concern regarding the Court's subject matter jurisdiction over this Petition. Specifically, the Court noted its uncertainty of whether Topletz is currently "in custody" for the purpose of invoking federal habeas jurisdiction under the framework established by the United States Supreme Court in *Hensley v. Mun. Court, San Jose Milpitas Judicial Dist., Santa Clara County, California*, 411 U.S. 345 (1973). The Court's jurisdictional concerns are easily satisfied. Actually, the holding of *Hensley* directly supports the "in custody" issues presented here: **a habeas petitioner released on bond by a state court, but subject to an underlying sentence, is "in custody" for the purpose of habeas jurisdiction**. Furthermore, the Court's concern that other decisions from district courts in this Circuit render a

---

[1] Dkt. # 3.

PETITIONER'S SUPPLEMENTAL BRIEF                                                                 Page 1

different conclusion when applied in a civil contempt context is unsupported by the facts and authority. Those cases are not only distinguishable, but actually support the conclusion that this Court has subject matter jurisdiction over Topletz's Petition.

## ARGUMENT AND AUTHORITIES

**A.** *Hensley* **is directly applicable to the "in custody" issues here.**

As an initial matter—and most importantly here—*Hensley* is directly applicable to the facts presented in Topletz's petition. In *Hensley*, the Supreme Court held that a habeas petitioner was "in custody" even while released on bail by a state court pending the exhaustion of his remedies in state court. *Hensley*, 411 U.S. at 351. As explained by the Supreme Court, the "in custody" requirement must be "administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected." *Id*. 411 US. at 350 (quoting *Harris v. Nelson*, 394 U.S. 286, 291 (1969)). The Fifth Circuit has applied *Hensley* to conclude the "in custody" requirement was met where a contemnor was released on bond but subject to an unexpired sentence. *Farmer v. Strickland*, 652 F.2d 427, 429 (5th Cir. 1981) ("clearly he was free on bond pending appeal which is to say he was sufficiently 'in custody' for the purposes of 28 U.S.C. § 2254") (citing *Hensley*, 411 U.S. 345).

Just like the petitioners in *Hensley* and *Farmer*, Topletz is subject to an unexpired, 6-month jail sentence and was released on bond by a state court pending the exhaustion of his state court remedies. The Contempt Judgment,[2] which forms the basis of Topletz's Petition, remains active and unexpired. After serving one day of his 6-month sentence under the Contempt Judgment, Topletz was released on a $500 bond pending his habeas petition to the Dallas Fifth Court of

---

[2] Dkt. #1 at Ex. A.

Appeals.[3] Now, because the Fifth Court has vacated its prior stay of the Contempt Judgment, Topletz remains subject to the trial court's sentence, thus satisfying the "in custody" requirement. The *only* reason Topletz is not currently in custody is because he was released on bond by the Fifth Court.[4] *See Hensley*, 411 U.S. at 351 ("petitioner remains at large only by the grace of a stay entered first by the state trial court . . ."). These facts are nearly *identical* to those that supported the Supreme Court's holding in *Hensley*.

The subsequent Capias issued by the trial court merely reinforces the inevitability of Topletz's confinement. In *Bates v. Estelle*, 483 F. Supp. 224 (S.D. Tex. 1980), the Southern District of Texas held that an ordered but unissued capias for the petitioner's arrest was sufficient to satisfy the "in custody" requirement. There, the petitioner faced a conviction in Texas state court. *Id*. After the petitioner exhausted his remedies at the Texas appellate courts, the Texas Court of Criminal Appeals ordered the issuance of a capias for the petitioner's arrest. *Id*. Holding that the petitioner was "in custody" for the purpose of subject matter jurisdiction, the Southern District explained, "[t]o make federal habeas jurisdiction turn on the issuance of a capias would be to disregard [*Hensley*]." *Id*. Like the petitioner in *Bates*, Topletz faces certain confinement under the Contempt Judgment once arrested pursuant to the Capias.

B. **The *Hensley* analysis does not change in a civil contempt context.**

The coercive aspect of the Contempt Judgment does not alter the subject matter jurisdiction analysis. To deny jurisdiction simply because Topletz could arguably avoid imprisonment by complying with the terms of the Contempt Judgment would be to deny Topletz habeas relief

---

[3] *Id*. at Ex. D.
[4] Even though the trial court's Commitment Order is perhaps expired, the trial court may simply issue a new Commitment Order pursuant to the still outstanding Contempt Judgment. *Hensley*, 411 U.S. at 350 ("[W]e have consistently rejected interpretations of the habeas corpus statute that would suffocate the writ in stifling formalisms or hobble its effectiveness with the manacles of arcane and scholastic procedural requirements."). In the interim, Topletz faces an unconstitutional and irreparable deprivation of liberty.

altogether. As further explained in the Petition, Topletz alleges he is *unable* to comply with the Contempt Judgment.[5] Numerous courts in this Circuit have held that a person's inability to comply with a contempt judgment constitutes a valid basis for habeas relief. *Ridgway v. Baker*, 720 F.2d 1409, 1413 (5th Cir. 1983), *abrogated by on other grounds* by *Turner v. Rogers*, 564 U.S. 431, 131 S. Ct. 2507, 180 L. Ed. 2d 452 (2011) (applying habeas jurisdiction to civil contempt judgment); *Briggs v. Arthur*, CIV.A.1:01 CV 397, 2003 WL 23539588, at *6 (E.D. Tex. Sept. 16, 2003), *report and recommendation adopted*, CIV.A.1:01 CV 397, 2003 WL 23539589 (E.D. Tex. Oct. 28, 2003) (same); *Ex parte Hefner*, 599 F. Supp. 95, 97 (E.D. Tex. 1984) (same); *English v. Bowles*, 3:03-CV-0876-K, 2003 WL 21955865, at *1 (N.D. Tex. Aug. 14, 2003), *report and recommendation adopted*, 3-03-CV-786-K, 2003 WL 22425029 (N.D. Tex. Aug. 26, 2003) ("A person incarcerated for civil contempt is 'in custody' for purposes of invoking habeas jurisdiction.").

Stated different, a conclusion that Topletz's custody is "speculative" merely because he could comply with the Contempt Judgment is tantamount to a determination that Topletz is not entitled to habeas relief. After all, Topletz's ability to comply with the Contempt Judgment is the ultimate issue in this action. Such a determination would amount to a ruling on the merits, which is inappropriate at this stage of the proceedings. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("[I]t is generally inappropriate for a federal court at the preliminary-injunction state to give a final judgment on the merits.").[6] Under these circumstances, the Court must exercise its habeas jurisdiction.

---

[5] Dkt. #1 at 12-16.
[6] Under 28 U.S.C. § 2254(b)(2), Topletz may be entitled to an evidentiary hearing, at which he could present evidence to prove he cannot comply with the Contempt Judgment. Simply determining that Topletz cannot comply with the Contempt Judgment at the preliminary injunction stage would deprive him of that right.

Furthermore, the Fifth Circuit has rejected an interpretation of *Hensley* that would deprive a civil contemnor of habeas jurisdiction based on a contempt judgment he alleges he is unable to purge. In *Spring v. Caldwell*, 692 F.2d 994, 999 (5th Cir. 1982), the Fifth Circuit held that a petitioner was not "in custody" when subject to an arrest warrant for contempt of the non-payment of a fine. The Court explained, "by paying the fine, [the petitioner] will be able to avoid his incarceration altogether. He truly holds the keys to the jailhouse door." *Spring*, 692 F.2d at 998. But critically, the Fifth Circuit *expressly declined* to extend its conclusion to cases where the contemnor <u>alleged an inability to comply</u> with the contempt judgment. *See id*. at n.6 ("In cases of indigency, or inability to pay the fine, different factors must be considered. Our holding does not extend to such cases.").[7] Thus, *Spring* cannot apply when a contemnor, like Topletz, alleges an inability to comply with the terms of a contempt judgment, and thus does not "hold the keys to the jailhouse door."

Courts from other jurisdictions have held that a habeas petitioner alleging an inability to comply with the terms of a contempt judgment is "in custody" even if released pending review by the district court. *See, e.g., Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986) (petitioner alleged inability to comply with contempt judgment ordering child support payments); *U.S. ex rel. Berry v. Monahan*, 681 F. Supp. 490, 500 (N.D. Ill. 1988) (finding civil contemnors "in custody" when released on their own recognizance); *see also*, *Freedman v. Davis*, 9:10-CV-00979 NAM, 2010 WL 3429649, at *1 n.1 (N.D.N.Y. Aug. 27, 2010) (noting that even a suspended civil contempt sentence might satisfy the "in custody" requirement). Unlike *Spring* and its progeny,

---

[7] Also of critical importance: the petitioner in *Spring* did not challenge a sentence of incarceration in his petition. Rather, he was sentenced to pay a fine, and he was only subject to imprisonment for a failure to pay the fine. *Spring*, 692 F.2d at 999 ("[A] specific provision for incarceration in the original sentence is necessary for the custody requirement in the federal habeas statute."). Topletz, on the other hand, challenges a sentence of incarceration.

Topletz challenges an order of imprisonment itself, and as a result of that order, faces certain confinement. On these facts, the Court must have habeas jurisdiction.

**C.     Topletz's petition satisfies *Hensley*'s "three considerations," as applied by courts in the Northern District.**

At the hearing, the Court correctly noted that cases from the Northern District of Texas have cited *Hensley* for a "three consideration" test. *Nixon v. Brown*, 3:17-CV-1257-G-BK, 2017 WL 4053724, at *2 (N.D. Tex. Sept. 5, 2017), *report and recommendation adopted*, 3:17-CV-1257-G (BK), 2017 WL 4005458 (N.D. Tex. Sept. 12, 2017); *Gore v. Callahan*, 3:15-CV-0272-K BH, 2015 WL 4162760, at *2 (N.D. Tex. July 7, 2015), *report and recommendation adopted*, 3:15-CV-0272-K BH, 2015 WL 4190784 (N.D. Tex. July 9, 2015). Other than these two cases however, no other court from this Circuit has adopted a three-factor or three-consideration test, nor otherwise suggested all three "factors" must be met for the court to exercise habeas jurisdiction. To the contrary, the Fifth Circuit has noted that "custody" encompasses "*most* restrictions on liberty" resulting from a trial court judgment. *Zolicoffer v. U.S. Dept. of Justice*, 315 F.3d 538, 540 (5th Cir. 2003) (quoting *Pack v. Yussuff*, 218 F.3d 448, 454 n. 5 (5th Cir. 2000) (emphasis added). Just last year even, the Fifth Circuit applied the "in custody" requirement without citing *Hensley* or otherwise addressing any of the *Hensley* considerations. *See Rubio v. Davis*, 907 F.3d 860, 863 (5th Cir. 2018) (reversing and remanding district court when petitioner was "in custody" pursuant to a civil commitment order).

Nevertheless, *Nixon* and *Gore* are not only distinguishable, their reasoning and application of *Hensley* actually supports the "in custody" requirement here. Both cases held that *Hensley* imposed three considerations for the "in custody" analysis: (1) whether the petitioner was subject to restraints not on the general public; (2) whether incarceration was "a speculative possibility";

and (3) whether holding that there was no custody simply postponed the habeas case until the petitioner was in jail. *Nixon*, 2017 WL 4053724, at *2; *Gore*, 2015 WL 4162760, at *2.

As the Court conceded at the hearing, the first and third considerations undoubtedly weigh in favor of exercising jurisdiction here. Topletz, who is under both a Contempt Judgment sentencing him to six months in Respondent's custody and a Capias for his arrest, is certainly subject to restraints not held by the general public. He cannot, for example, freely go out in public without fear of arrest. *See Hensley*, 411 U.S. at 351 ("His freedom of movement rests in the hands of the state judicial officers"). Similarly, holding there is no custody here would just postpone Topletz's habeas case until he is actually incarcerated. The Court even recognized at the hearing that it *would* have jurisdiction once Topletz is arrested and brought to Respondent's custody. Rejecting his Petition now, just to consider it at a certain date in the future, directly conflicts with the mandates of *Hensley*. *See id.* ("[W]e would badly serve the purposes and the history of the writ to hold that under these circumstances the petitioner's failure to spend even 10 minutes in jail is enough to deprive the District Court of power to hear his constitutional claim.").

As the Court noted at the hearing, the second "consideration" is more complicated; but if not overwhelmed by the first and third considerations,[8] still supportive of the custody requirement. As explained by the court in *Nixon*, the second factor is met when the "Petitioner controls whether he will be incarcerated in the future." *Nixon* 2017 WL 4053724, at *3. In *Gore*, the court even recognized—but factually distinguished—Texas cases holding "that the 'issuance of a capias is a sufficient restraint of liberty to justify habeas corpus relief.'" *Gore*, 2015 WL 4162760, at *4

---

[8] At the hearing, the Court questioned whether all three considerations must be met to satisfy *Hensley*. Neither *Nixon* nor *Gore* hold as much, and it does not appear any case from other jurisdictions do either.

(quoting *In re Bourg*, No.01-08-00618-CV, 2008 WL 3522241, at *2 (Tex.App.—Hous. [1st Dist.] 2008, no pet.).

More importantly, both *Nixon* and *Gore* rely on *Spring*, which, as explained above, expressly disclaims application to the facts here. In all three cases, the contemptuous conduct involved the nonpayment of money.[9] In *Nixon*, for example, the state court suspended the sentence of commitment pending the petitioner's payment of child support arrearages. *Nixon* 2017 WL 4053724, at *3. As a result, it was entirely within the petitioner's control to avoid actual custody. *Id*. In *Gore*, the state court also suspended a sentence of commitment for failure to pay child support and only issued a capias once the petitioner failed to show for hearing before the court. *Gore*, 2015 WL 4162760, at *4. Additionally, the capias there only required the petitioner to be brought before the trial court—not directly to custody. *Id*. Thus, unlike Topletz here, the petitioner in *Gore* did not claim to be "in custody"[10] due to the contempt judgment he attacked, but rather, due to a capias issued for entirely different reasons. *See id*. ("Petitioner is not presently subject to any potential term of confinement."). And **in both cases, the petitioners did *not* allege they were unable to comply with the underlying contempt judgment**. *See Nixon* 2017 WL 4053724, at *1 (petitioner complained that trial court violated his right to assistance of counsel and automatic stay provisions of the Bankruptcy Code); *Gore*, 2015 WL 4162760, at *1 (petitioner complained that trial court lacked jurisdiction, among other defects).

These distinctions are critical. Unlike the petitioners in *Nixon* and *Gore*, Topletz does not face a suspended sentence. The Contempt Judgment here is active and unexpired. If Topletz is

---

[9] Under Texas law, the nonpayment of money is typically *not* enforceable by commitment for contempt. Failure to pay child support—like at issue in *Nixon* and *Gore*—as well as nominal fines—like the one at issue in *Spring*—are exceptions to this rule. Thus, *Spring* likely limited even within cases involving nonpayment.

[10] In fact, the court notes that the petitioner did not allege to be "in custody" at all. *Gore*, 2015 WL 4162760, at *1.

arrested, *he will be in actual, physical custody*. Unlike the petitioners in *Nixon* and *Gore*, Topletz alleges he cannot comply with the contempt judgment to avoid incarceration. If Topletz is arrested, *he will remain in actual, physical custody*. And unlike the petitioner in *Gore*, the Capias here provides no ability to purge and demands that law enforcement bring Topletz directly to Respondent's detention. If Topletz encounters law enforcement, *he will be arrested*. The requirements of *Hensley* are met here.

## CONCLUSION

The Supreme Court's analysis in *Hensley* is directly relevant where, as here, a federal habeas petitioner is released on bond by a state court pending his exhaustion of his state court remedies. Topletz's habeas challenge to the Contempt Judgment does not alter this determination. Topletz faces certain arrest and confinement under the still-active Capias and Contempt Judgment issued by the trial court. Topletz's confinement is not speculative or within his control to avoid. Through his Petition, he alleges he cannot purge contempt by producing documents as required by the Contempt Judgment. This, in fact, is the central issue in this action. The only possible way for Topletz to avoid confinement—and obtain the restoration of his civil liberties—is through an order of this court. Under the guidelines of *Hensley*, the "in custody" requirement is clearly met, and this Court must exercise its habeas jurisdiction.

Dated: November 26, 2019                    Respectfully submitted,

                                            **HARPER BATES & CHAMPION LLP**

                                            */s/ Austin Champion*
                                            Austin Champion
                                            Texas Bar No. 24065030
                                            Austin.Champion@harperbates.com
                                            ----
                                            W. Ben Jones
                                            Texas Bar. No. 24097903
                                            Ben.Jones@harperbates.com

                                            1717 Main Street, Suite 3550
                                            Dallas, Texas 75201
                                            214-238-8400 | Main
                                            214-238-8401 | Fax

                                            **COUNSEL FOR PETITIONER
                                            STEVEN K. TOPLETZ**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service were served with a copy of this document through this Court's CM/ECF system and pursuant to the local rules on this 26th day of November, 2019.

In addition, the undersigned certifies that he will be providing a copy of this brief to Chris Barnes, legal advisor to Sheriff Skinner, via electronic mail.

                                            */s/ Austin Champion*
                                            Austin Champion