# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| STEVEN K. TOPLETZ, | § § § | |
| Petitioner, | § § | |
| v. | § § | 4:19-CV-820-RWS-KPJ |
| JIM SKINNER, | § § § | |
| Respondent. | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner Steven K. Topletz's ("Petitioner") Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion") (Dkt. 3). Petitioner filed the above-numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition") (Dkt. 1). The Petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636. The parties consented to the Magistrate Judge for the limited purpose of deciding the temporary restraining order. *See* Dkt. 13.

On November 25, 2019, the Court held a hearing to address whether the Court has jurisdiction to decide the Motion (the "Jurisdiction Hearing"), wherein only Petitioner appeared.[1] *See* Dkt. 5. After requesting leave to file additional briefing at the Hearing, Petitioner filed a Supplemental Brief in Support of the Motion on November 26, 2019 ("Supplemental Brief") (Dkt. 6), to specifically address the Court's question regarding jurisdiction. The Court subsequently

---

[1] Petitioner represented to the Court that Respondent was served with both the Petition and the Motion, and Respondent did not intend to respond until ordered to do so by the Court.

ordered Respondent Jim Skinner ("Respondent") to file responsive briefing limited to the question of the Court's jurisdiction regarding this matter. *See* Dkt. 7. Respondent filed his Brief on Federal Habeas Corpus Jurisdiction on December 3, 2019 (Dkt. 9). On December 5, 2019, the Court held a hearing regarding Petitioner's Motion (the "Motion Hearing"), wherein both the Petitioner and the Respondent appeared. *See* Dkt. 13. Respondent represented that he is unopposed to the issuance of a temporary restraining order, but opposed to the issuance of a preliminary injunction. *See id.*

## I. BACKGROUND

In 2018, Petitioner was served with post-judgment discovery in a case pending in the 416th Judicial District Court in Collin County, Texas (the "Collin County Court"), Trial Court Cause No. 416-04120-2012. *See* Dkt. 1. The Collin County Court ordered Petitioner to provide information related to his assets and liabilities, such as financial documents for the Steven K. Topletz 2011 Family Trust (the "Trust"), since Petitioner is a beneficiary. *See id.* Petitioner alleges that he sent a letter to the trustee for the Trust requesting such documents, but the trustee denied his request. *See id.* Because the trustee denied his request for documents, Petitioner alleges he cannot comply with the Collin County Court's order. *See id.* Thus, the Collin County Court found Petitioner in contempt and sentenced him to up to six months in the Collin County Detention Facility, or until he purged himself of contempt (the "Contempt Judgment"). *See* Dkt. 1. Petitioner was immediately taken into custody by the Collin County Sheriff. *Id.*

The same day the Collin County Court entered its Contempt Judgment, Petitioner filed a petition for writ of habeas corpus with the Dallas Fifth Court of Appeals. *See* Dkt. 1. The Fifth Court of Appeals denied Petitioner's petition, holding that Petitioner had constructive possession of the requested documents. *See id.* Petitioner moved for a rehearing with the Fifth Court of Appeals and filed a second petition for writ of habeas corpus with the Supreme Court of Texas.

*See id*. Petitioner's request for rehearing and second petition with the Supreme Court of Texas were both denied. *See id*. On September 12, 2019, the Collin County Court issued a capias for Petitioner's arrest, which has since expired. *See* Dkt. 1-23. On October 8, 2019, the Collin County Court issued an amended capias, which is currently active. *See* Dkt. 1-7. Petitioner filed the present Petition on November 12, 2019. *See id*.

## II.     LEGAL STANDARD

A temporary restraining order should be restricted to serving the underlying purpose of preventing irreparable harm just so long as is necessary to hold a hearing, and no longer. *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers,* 415 U.S. 423, 439 (1974). Federal Rule of Civil Procedure 65 provides that "the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

FED. R. CIV. P. 65(b)(1). Additionally, a party seeking injunctive relief must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the Defendant; and (4) that the injunction will not disserve the public interest. *See Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009); *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). The movant bears the burden to prove all four requirements in order to be entitled to injunctive relief. *See Palmer*, 579 F.3d at 506.

## III. ANALYSIS

### A. JURISDICTION

At the Jurisdiction Hearing and in the Supplemental Brief, Petitioner argues that he is "in custody" as required under the habeas corpus statute, and thus, the Court has jurisdiction to decide Petitioner's claims. *See* Dkt. 6. As indicated in Respondent's Brief, Respondent agrees that this Court has jurisdiction because Petitioner meets the "in custody" requirement. *See* Dkt. 9.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994). Courts must presume that a suit lies outside of this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The court may *sua sponte* raise jurisdictional issues at any time. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Federal courts must dismiss an action whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter.

Federal district courts do not have jurisdiction to consider Section 2254 actions if, at the time the petition is filed, the petitioner is not "in custody" under the conviction or sentence that the petition attacks. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). One is not "in custody" for a particular conviction when he "suffers no present restraint" from the challenged conviction. *Id*. at 492. As stated by the Supreme Court, the "custody" requirement of the habeas corpus statute is "designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara County, California*, 411 U.S. 345, 351 (1973). In *Hensley*, the Court described three factors that courts must consider in deciding whether a petitioner is "in custody" as required to seek a writ of habeas corpus: (1)

whether the petitioner is "subject to restraints not shared by the public generally;" (2) whether the petitioner's incarceration is "a speculative possibility that depends on a number of contingencies over which he has no control;" and (3) whether a finding that the petitioner was not in custody would "do no more than postpone this habeas corpus action until petitioner had begun service of his sentence." *Id*. at 351–52.

First, Petitioner argues, and Respondent agrees, that Petitioner is subject to restraint not shared by the public generally because of the active capias for his arrest. *See* Dkts. 6, 9. As the Contempt Judgment sentences Petitioner to six months imprisonment and there is an active capias for his arrest, Petitioner cannot freely go out in public without fear of arrest. *See Hensley*, 411 U.S. at 351 ("His freedom of movement rests in the hands of the state judicial officers."). As stated at the Jurisdiction Hearing, the Court finds this factor weighs in favor of exercising jurisdiction.

Second, Petitioner contends his incarceration is not a speculative possibility because he does not have the ability to purge himself of contempt. *See* Dkt. 6. Respondent argues this factor seems to weigh in favor of exercising jurisdiction, since the Court would have to reach the merits of the Petition in order to deny jurisdiction. *See* Dkt. 9. Courts have found that jurisdiction for a habeas petition does not exist when a petitioner has the ability to avoid incarceration to such a degree that he essentially holds "the keys to the jailhouse door." *Spring v. Caldwell*, 692 F.2d 994, 998 (5th Cir. 1982); *see, e.g.*, *Gore v. Callahan*, 2015 WL 4162760, at *2 (N.D. Tex. July 7, 2015). Petitioner distinguishes these cases, which largely involve contempt for nonpayment of fines or child support, by arguing that he does not presently have the ability to purge himself of contempt because he cannot provide the Collin County Court with the documents compelled. *See* Dkt. 6 at 8. Because the Court agrees with Respondent, that finding Petitioner does have the ability to purge himself of contempt would require the Court to reach the merits of the case, the Court takes

5

Petitioner's allegations on their face for the jurisdictional analysis. Therefore, the Court finds this element favors exercising jurisdiction in this matter.

Third, Petitioner argues, and Respondent does not dispute, that Petitioner is "in custody" under the habeas statute because a finding that he is not in custody would simply postpone this habeas corpus action until he is arrested and begins to serve his sentence. *See* Dkts. 6, 9. There is no dispute that once Petitioner is in custody, the Court has jurisdiction to consider the Petition. As acknowledged in *Hensley*, courts would "badly serve the purposes and the history of the writ to hold that under these circumstances the petitioner's failure to spend even [ten] minutes in jail is enough to deprive the District Court of power to hear his constitutional claim." *Hensley*, 411 U.S. at 351. The Court finds this factor weighs in favor of exercising jurisdiction. Since all three *Hensley* factors are present, the Court finds that it has jurisdiction to consider Petitioner's claims.

### B. TEMPORARY RESTRAINING ORDER

Upon consideration of the arguments presented in Petitioner's Motion, and Respondent's lack of opposition to the issuance of a temporary restraining order, the Court finds that Petitioner has sufficiently shown the need for a temporary restraining order in this matter.

Petitioner argues he is unable to comply with the terms of the Contempt Judgment because to purge himself of contempt, Petitioner would be required to provide the Collin County Court with documents the trustee of the Trust has refused to give Petitioner. *See* Dkts. 3, 3-2, 3-9. As Respondent is unopposed to the issuance of this Order, the Court accepts Petitioner's arguments at this time that there is a substantial likelihood of success of the merits.

Petitioner has established the second element, that a substantial threat of irreparable injury exists, as there is an active capias that commands "all law enforcement" to arrest Petitioner. *See* Dkt. 1-7. Without the issuance of injunctive relief, Petitioner could be imprisoned.

As to the third element, the Court finds that greater injury would be inflicted upon Petitioner by denial of injunctive relief than would be inflicted upon Respondent by granting such relief. Here, Respondent is unopposed to the issuance of a temporary restraining order, and Respondent has acknowledged the level of harm Petitioner faces if injunctive relief is not granted. *See* Dkts. 9, 12.

As to the last element, Petitioner has established that the issuance of a temporary restraining order will not disserve the public interest. As stated above, allowing Petitioner to maintain his freedom until the Court fully considers the merits will simply maintain the status quo. Therefore, the Court finds Petitioner has met his burden, and a temporary restraining order is appropriate in this case.

## IV. CONCLUSION

Based on the foregoing, Petitioner's Motion for Temporary Restraining Order (Dkt. 11) is hereby **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondent Jim Skinner, in his official capacity as Sherriff of Collin County, Texas, and Respondent's officers, agents, servants, employees, and attorneys who receive actual notice of this Order by personal service or otherwise, are hereby temporarily restrained from enforcing any capias and commitment orders issued by the 416th Judicial District Court of Collin County, Texas, pursuant to its March 18, 2019, Contempt Judgment.

**IT IS FURTHER ORDERED** that Respondent Jim Skinner, in his official capacity as Sherriff of Collin County, Texas, shall immediately remove, deactivate, and/or disable any capias or warrant for Petitioner's arrest pursuant to the Contempt Judgment from the Texas Law Enforcement Telecommunication System ("TLETS").

**IT IS FURTHER ORDERED** that Respondent Jim Skinner, in his official capacity as Sheriff of Collin County, Texas, shall take all other such measures reasonably necessary and available to him to remove from any state or federal law enforcement networks or databases any capias or warrant for Petitioner's arrest issued pursuant to the Contempt Judgment.

**IT IS FURTHER ORDERED** that Respondent Jim Skinner, in his official capacity as Sheriff of Collin County, Texas, in the event that Petitioner is detained by a peace officer outside of Collin County pursuant to a warrant or capias issued pursuant to the Contempt Judgment and such peace officer requests confirmation from Respondent that such warrant or capias is active, shall promptly notify such peace officer that any such warrant or capias is unenforceable pursuant to this Order.

**IT IS FURTHER ORDERED** that a hearing on Petitioner's Motion for Preliminary Injunction is set on **Monday, December 16, 2019, at 1:00 p.m**.

**IT IS FURTHER ORDERED** that, in view of Petitioner's prior payment of $500 bond as a condition for his temporary release from the Collin County Detention Facility, and the preclusion of monetary harm to Respondent, Petitioner shall post bond in the amount of $0.

**IT IS FURTHER ORDERED** that this Order shall remain in full force and effect **until December 19, 2019, at 6:00 p.m.**

**So ORDERED and SIGNED this 5th day of December, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE