# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| STEVEN K TOPLETZ, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:19-CV-00820-RWS- KPJ |
| v. | § § | |
| JIM SKINNER, | § § § | |
| Defendant. | § § | |

## ORDER

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 6, 2020, the Magistrate Judge entered proposed findings of fact and recommendations (Docket No. 26) that Petitioner Steven K. Topletz's ("Petitioner") Motion for Preliminary Injunction (Docket No. 3) be denied.

Petitioner filed objections to the Report (the "Objections") (Docket No. 28). The Court has made a *de novo* review of the Objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

## BACKGROUND

This case arises out of post-judgment discovery requests served on Petitioner in a case pending in the 416th Judicial District Court in Collin County, Texas (the "Collin County Court"), Trial Court Cause No. 416-04120-2012. See Docket No. 1 at 9. On August 1, 2016, the plaintiff

requested that Petitioner produce six categories of financial documents (the "Trust Documents") for the Steven K. Topletz 2011 Family Trust (the "Trust"), as Petitioner was a judgment debtor and a beneficiary of the Trust. See Docket No. 1-9. The Trust formation document, in relevant part, states:

> **Each beneficiary** who has attained the age of twenty-five years **shall have free access to those books, records and accounts at all reasonable times during regular business hours. If such beneficiary requests, a profit and loss statement, fully disclosing the fiscal operations of the trust for the preceding year, and a balance sheet, which accurately reflects the financial status of the trust at the expiration of the preceding year, shall be furnished to such beneficiary within ninety days of the end of the fiscal year.** Any beneficiary who has attained the age of twenty-five years may cause the books, records and accounts of any trust in which the beneficiary has a beneficial interest to be audited at any time.

Docket No. 3-2 at 4 (emphasis added). During the post-judgment discovery process, Petitioner's previous counsel sent an email (the "Email") to the plaintiff's counsel, stating:

> As I have said, we will produce the tax returns and the Steven Topletz 2011 Family Trust subject to the protective order which I have previously signed and sent to you for entry by the Court when you send me a signed copy of the protective order. I also require an Order from the Court ordering the production of the trust document subject to the protective order so we eliminate the issue of [Petitioner] being required to breach a contractual agreement without an order of the Court.
>
> I think this could be included in an order on your amended Motion to Compel granting it as to document production, production of the trust subject to the protective order and denying your request (or withdrawing your request) for sanctions.
>
> We can provide you with an affidavit from [Petitioner] stating that he has produced all documents requested that were in his possession or to which he had access or you can send additional interrogatories to inquire. Either way, I would like to put some finality to document production.

Docket No. 1-17 at 78. After changing counsel, Petitioner refused to produce the Trust Documents despite the entry of a protective order. See Docket No. 1-2 at 5. The plaintiff subsequently filed a motion to compel the Trust Documents, and the Collin County Court held a hearing to address the motion on June 25, 2018. Docket No. 1-11. During that hearing, the parties discussed production of the Trust Documents off the record with the Collin County Court, and in a later hearing, the Collin County Court represented that Petitioner's counsel agreed to produce the Trust Documents during this conversation. Docket No. 1-11 at 13; Docket No. 1-17 at 35. The Collin County Court then entered an order compelling Petitioner to produce the Trust Documents and pay the plaintiff's attorney's fees. Docket No. 1-12.

On July 10, 2018, Petitioner sent a letter to one of the three trustees for the Trust, who is also Petitioner's brother,[1] to request the Trust Documents. Docket No. 1-13. In response, a representative of the trustee denied Petitioner's request because the Trust's formation document did "not entitle any beneficiary to duplicate, convert, or otherwise receive possession of any such information." Docket No. 1-14. However, the response also stated:

> [I]n the event [Petitioner] wishes to receive a profit and loss statement or balance sheet that reflects the Family Trust's operations as of December 31, 2017**, you may submit a proper request for this information. Upon receipt of such a request from your client as a beneficiary of the Family Trust, your client would be permitted to receive this information on or before September 30, 2018**.

*Id.* (emphasis added). Petitioner produced the trustee's letter and certified to the Collin County Court that he had produced all responsive documents in his possession, custody, and control. Docket No. 1-15. Petitioner never requested a profit and loss statement or balance sheet for the Trust or inspected the Trust's accounts, books, and records, as he is entitled to do pursuant to the

---

[1] The three trustees are all related to Petitioner: Petitioner's brother, Petitioner's sister, and Petitioner's cousin. See Docket No. 1-17 at 68.

Trust formation document, Docket No. 1-17 at 58; Docket No. 3-2 at 4, and was invited to do by the trustee's representative. Docket No. 1-14.

On December 6, 2018, the plaintiff filed a motion for contempt and other sanctions against Petitioner for failing to produce the Trust Documents. Docket No. 1-16. The Collin County Court held a hearing to address the plaintiff's motion for contempt on March 18, 2019, and found that Petitioner had the ability to produce the Trust Documents under the Trust formation document and as evidenced by Petitioner's previous counsel's agreement to do so. Docket No. 1-17. The Collin County Court therefore found Petitioner in contempt and ordered that Petitioner be taken into custody. Docket No. 1-2. The Collin County Court entered a Contempt Judgment and a commitment order requiring Petitioner to remain in jail until Petitioner produced to the plaintiff's counsel "full and/or proper responses and/or documentation" of the Trust Documents. Docket No. 1-3.

The same day the Collin County Court entered its Contempt Judgment, Petitioner filed a petition for writ of habeas corpus with the Dallas Fifth Court of Appeals. *See* Docket No. 3-4. The Fifth Court of Appeals allowed Petitioner to be released from custody, but subsequently denied Petitioner's petition, holding that Petitioner had constructive possession of the requested documents. Docket No. 1-18. Petitioner moved for a rehearing with the Fifth Court of Appeals and filed a second petition for writ of habeas corpus with the Supreme Court of Texas. Petitioner's request for rehearing and second petition with the Supreme Court of Texas were both denied. Docket No. 1-22. The Collin County Court issued a capias for Petitioner's arrest on September 12, 2019, and an amended capias on October 8, 2019. Docket No. 1-23; Docket No. 1-7. On December 5, 2019, the Collin County Court issued a new commitment order (the "Commitment Order"), requiring any sheriff or constable of the State of Texas to confine Petitioner for fourteen

days or "until he has been found by [the Collin County Court] to have purged himself of the contempt by producing the documents previously ordered. Docket No. 19-1.

On November 12, 2019, Petitioner filed the Petition. Docket No. 1. On November 19, 2019, Petitioner filed the Motion for Temporary Restraining Order and Preliminary Injunction. Docket No. 3. After considering whether the Court had jurisdiction to decide the Petition, and concluding that it did, and receiving the consent and agreement of the parties to the issuance of a temporary restraining order, the Magistrate Judge granted Petitioner's Motion for Temporary Restraining Order on December 5, 2019. Docket No. 15. On December 16, 2019, the Magistrate Judge held a hearing on the Motion for Preliminary Injunction. *See id*. On December 18, 2019, with the agreement of the parties, the Magistrate Judge extended the Temporary Restraining Order to remain in effect until December 30, 2019, at 6:00 p.m. Docket No. 21. On December 30, 2019, with the agreement of the parties, the Magistrate Judge extended the Temporary Restraining Order to remain in effect until January 6, 2020, at 6:00 p.m. Docket No. 23. The Magistrate Judge entered the Report on January 6, 2020, recommending that Petitioner's Motion for Preliminary Injunction be denied. Docket No. 26.

## **DISCUSSION**

Petitioner objects to the Magistrate Judge's Report by arguing: (1) Petitioner cannot purge himself of contempt; (2) the Magistrate Judge relied on the wrong statute; and (3) the Magistrate Judge improperly weighed the public interest factor. *See* Docket No. 28.

First, Petitioner objects to the Report on the basis that Petitioner cannot purge himself of contempt by producing "proper responses" to the Trust Documents for several reasons, and thus, he has shown a substantial likelihood of success. Specifically, Petitioner contends that the "proper responses" language is not contained in the Commitment Order, the "proper responses" language

is unclear, and any "proper response" to the Trust Documents would rely on the cooperation of the trustee. *See* Docket No. 28 at 2–4.

The Court finds Petitioner's argument that the "proper responses" language is not in the Commitment Order is without merit. The Commitment Order signed by the Collin County Court on December 5, 2019, and provided to the Court by Respondent, clearly states that Petitioner can purge himself of contempt "by producing the documents previously ordered and attached hereto as Exhibit A." Docket No. 19-1 (emphasis added). Exhibit A to the Commitment Order contains the text of the original commitment order signed by the Collin County Court, including that Petitioner may purge himself of contempt by producing "full and/or proper responses and or documentation" to the Trust Documents. *See id.* Therefore, the Court finds that the Magistrate Judge did not err in concluding that the "proper responses" language is contained in the Commitment Order.

While Petitioner next contends that the "proper responses" language is unclear, the Court finds the Magistrate Judge suggested several avenues through which Petitioner could purge himself of contempt but has not attempted to do so. In the Report, the Magistrate Judge suggests that Petitioner could purge himself of contempt through means such as "providing evidence of a genuine effort made to obtain the Trust Documents, filing suit against the Trust[ee], or providing information obtained by Petitioner's review of the Trust Documents." Docket No. 26 at 2. The Court finds that the language "full and/or proper responses and/or documentation" to the Trust Documents is sufficiently clear to allow Petitioner to know the steps "required to purge himself so as to be released from jail," while also allowing Petitioner alternate avenues if he truly cannot access the Trust Documents themselves. *See Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 243 (5th Cir. 1997). Notably, one of the categories of Trust Documents is "[f]inancial [s]tatements,

including balance sheets and profit and loss statements from 2012 to the present for the [Trust]," yet Petitioner admitted that he never attempted to obtain such documents from the Trust, despite being expressly permitted to do so by the Trust formation document, *see* Docket No. 1-2 at 4, and despite the trustee's representative's invitation for Petitioner to make a request for such documents and a guarantee to produce such documents upon receiving Petitioner's request. *See* Docket No. 1-13.

Additionally, Petitioner's argument that the only possible "responses" Petitioner could produce would still rely on the cooperation of the trustee is without merit. As mentioned above, Petitioner has a right under the Trust formation document to receive "a profit and loss statement, fully disclosing the fiscal operations of the [Trust] for the preceding year, and a balance sheet." Docket No. 1-2 at 4. Moreover, a trustee representative invited Petitioner to request a category of the Trust Documents and promised to produce such documents upon Petitioner's request. *See* Docket No. 1-13. Nevertheless, Petitioner admitted to never requesting such documents or requesting to view the Trust books, records, and accounts. *See* Docket No. 1-17 at 58. Further, Petitioner is not required to rely on the Trust's trustee to provide evidence of a genuine effort to obtain the Trust Documents and/or to view the records, books, and accounts for the Trust and provide the Collin County Court with a review of such documents, as noted by the Magistrate Judge. Therefore, the Court finds that Petitioner's first objection to the Report is **OVERRULED.**

Second, Petitioner objects to the Report on the grounds that the Magistrate incorrectly applied 28 U.S.C. § 2254(e), requiring Petitioner to produce additional evidence to prevail on his claim that the Collin County Court relied on insufficient evidence. *See* Docket No. 28 at 4. Petitioner argues that under Section 2254(d)(2), he need only show that the Collin County Court's decision was unreasonable based on the "facts in light of the evidence presented in the State court

proceeding." 28 U.S.C. § 2254(d)(2). After reviewing the Report, the Court notes the Magistrate Judge found that the Collin County Court's decision was reasonable based on the evidence presented. As stated in the Report, a federal district court must be deferential to state court findings supported by the record in a habeas corpus proceeding. *See Pondexter v. Dretke*, 346 F.3d 142, 149–52 (5th Cir. 2003). The Report correctly finds that the Collin County Court considered the entire Trust formation document in making its decision that Petitioner had the ability to produce the Trust Documents. *See* Docket No. 1-2 at 4. Further, the Report finds that the Collin County Court considered Petitioner's previous counsel's agreement to produce the Trust Documents, and it is in the record that Petitioner's previous counsel made this representation to the Collin County Court directly, as well as to the plaintiff's counsel.[2] *See id*. The Collin County Court also considered that Petitioner made no attempt, beyond sending an initial letter to the trustee, to obtain the Trust Documents, including not seeking a balance sheet or profit or loss statement for the Trust. *See* Docket No. 1-17 at 58. Therefore, the Court finds the Magistrate Judge correctly concluded that the Collin County Court's decision was reasonable and supported by evidence in the state court record, and thus, Petitioner's second objection is **OVERRULED.**

Third, Petitioner objects to the Report by arguing that the Magistrate Judge improperly weighed the public interest factor in the injunctive relief analysis. Petitioner contends that the public's interest in ensuring judgment creditors have the ability to discover financial information from the judgment debtor is unaffected by the issuance of a preliminary injunction, and therefore should not outweigh the public's interest in preventing unjust punishment. *See* Docket No. 28 at 5. As the Magistrate Judge noted in the Report, Petitioner's stated public interest in guaranteeing

---

[2] While Petitioner argues that the representations made by Petitioner's prior counsel are not in the state court record, this is incorrect. The email stating this agreement to the plaintiff's counsel was an exhibit to the state court record, and the Collin County Court specifically stated that a representation was made to the court directly on the record during a hearing. See Docket No. 1-17 at 35, 78.

innocent people freedom from unjust punishment is negated by the finding that Petitioner failed to show a substantial likelihood of success on the merits of his habeas corpus petition. See Docket No. 26 at 13–14. Nevertheless, this objection is immaterial, as Petitioner has not shown a substantial likelihood of success on the merits. *See State of Texas v. Seatrain International, S.A.*, 518 F.2d 175, 180 (5th Cir. 1975). Therefore, the Court finds that Petitioner's third objection to the Report is **OVERRULED**.

## CONCLUSION

Upon review, the Objections (Docket No. 28) are **OVERRULED**, and Petitioner's Motion for Preliminary Injunction (Docket No. 3) is hereby **DENIED**.

**So ORDERED and SIGNED this 27th day of January, 2020.**

*[Signature: Robert W. Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE